UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.                                             Case Nos.:   3:08cr102/MCR/CJK
                                                          3:16cv323/MCR/CJK

JEROME EDWARD MORGAN

_____/

<u>REPORT AND RECOMMENDATION</u>

Defendant Jerome Edward Morgan has moved for relief from his federal sentence by filing a "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence" and a supporting memorandum of law.   (ECF No. 175, 182.) The Government filed a response in opposition (ECF No. 188), and Defendant filed a "Motion Contesting Government's Response in Opposition to Motion to Correct Sentence," which the court construed as a reply.   (ECF No. 193.)   The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.   *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).   The court recommends the § 2255 motion be denied without an evidentiary hearing.   *See* Rules Governing Section 2255 Cases 8(a) and (b).

## PROCEDURAL BACKGROUND

On October 21, 2008, a grand jury charged Jerome Edward Morgan in a four-count indictment with two counts of armed bank robbery in violation of 18 U.S.C. 2113(a) and (d) (Counts One and Three) and two counts of using, carrying or possessing a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1) (Counts Two and Four).   (ECF No. 1.)   The charges stemmed from two separate bank robberies approximately one week apart.

Morgan, along with one of his co-defendants, entered a plea of guilty pursuant to a written plea agreement on November 26, 2008.   (ECF Nos. 47, 185.)   The factual basis for the plea, which will be discussed in greater detail below, was part of the plea document.   (ECF No. 47 at 8-9.)   Morgan agreed under oath at his rearraignment that he had done what the Government said he had done in the factual basis.   (ECF No. 185 at 34-35.)

In February 2009, the court sentenced Morgan to a total term of 480 months. (ECF Nos. 55-57.)   This sentence consisted of concurrent terms of 96 months on Counts One and Three, followed by consecutive terms of 84 months on Count Two, and 300 months on Count Four.

Case Nos.: 3:08cr102/MCR/CJK; 3:16cv256/MCR/CJK

Morgan did not appeal, and he filed nothing further until filing the instant motion to vacate.   (ECF No. 175.)   The two claims he raises both challenge the constitutional validity of his sentence after *Johnson v. United States,* 135 S. Ct. 2551 (2015), and *Welch v. United States*, 136 S. Ct. 1257 (2016).   The Government opposes the motion, claiming it is untimely, procedurally barred, and without merit.

ANALYSIS

Title 28 U.S.C. § 2255(f) imposes a one-year time limitation on the filing of motions under this section.    Relevant to the instant motion, the one-year period runs from the latest of: the date on which the judgment of conviction becomes final; or the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. 28 U.S.C. § 2255(f)(1) and (3).    The judgment in Morgan's case became final on March 3, 2009, when the time for filing an appeal expired.    Morgan's motion, dated June 24, 2016, is facially untimely.

Morgan asserts his motion is timely because it was filed within one year of the Supreme Court's June 26, 2015, decision in *Johnson*, which the Supreme Court held to be retroactive on collateral review.    *Welch v. United States*, 136 S. Ct.

1257 (2016).    In *Johnson,* the Supreme Court invalidated the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(b)(ii), finding the provision unconstitutionally vague.    Morgan seeks to extend the holding in *Johnson* to 18 U.S.C. § 924(c).    Because *Johnson* is inapplicable to Morgan's case, as will be explained below, it does not restart the proverbial clock for filing a § 2255 motion, and the motion is untimely.

Morgan claims bank robbery under § 2113(a) and (d) does not qualify as a crime of violence under 18 U.S.C. § 924(c) because the bank robbery statute can be violated without the use, attempted use, or threatened use of violent physical force and he is actually innocent of the charge.[1]    He is correct that subsection (a) offers two means of violating the statute, one of which involves force and violence, intimidation, or extortion, and the other of which does not.    However, subsection (d), under which he was also charged, provides for an increased penalty for anyone who assaults or puts in jeopardy the life of any person by the use of a dangerous weapon or device in committing or attempting to commit an offense described in

---

[1] The court assumes for sake of this recommendation that Morgan's claim of actual innocence is sufficient to overcome any procedural bar and allow the court to reach the merits of his claims.

Case Nos.: 3:08cr102/MCR/CJK; 3:16cv256/MCR/CJK

subsection (a).   Additionally, the indictment plainly states the offense conduct in this case involved "force, violence and intimidation" and the defendants "did assault and put in jeopardy the life of another person by the use of a dangerous weapon." (ECF No. 1.)

Title 18 U.S.C. § 924(c)(3) defines a "crime of violence" as an offense that is a felony and

(A)   Has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B)   That by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).   Subsection (A) is the "force" or "elements" clause and subsection (B) is the residual clause of § 924(c).   *See In re Sams*, 830 F.3d 1234, 1237 (11th Cir. 2016).   Notwithstanding *Johnson,* Morgan's offense may be classified as a violent felony under either clause.

First, the Eleventh Circuit has held that bank robbery is a violent felony under 18 U.S.C. § 924(c)(3)(A).   *See In re Hires*, 824 F.3d 1334 (11th Cir. 2016); *In re Sams*, 830 F.3d 1234 (11th Cir. 2016).   In *Hires*, the court held a defendant who had been charged with violating 18 U.S.C. § 2113(a) and (d), in a case where the

Case Nos.: 3:08cr102/MCR/CJK; 3:16cv256/MCR/CJK

indictment alleged the bank robbery had occurred "by force, violence and intimidation," and who "did assault and put in jeopardy the life of [two individuals] by use of a dangerous weapon, met § 924(c)(3)(A)'s force requirement.    *Hines*, 824 F.3d at 1337.    *Sams,* in partial reliance on *Hines,* held an unarmed bank robbery by force and violence or intimidation qualified as a crime of violence under § 924(c)(3)(A).    *Sams*, 830 F.3d at 1239.    Both *Hires* and *Sams* were decided in the context of a defendant seeking leave to file a second or successive motion to vacate, a practice that was later criticized.    *See In re Williams*, 898 F.3d 1098, 1109 (11th Cir. 2018) (Martin, J., concurring).    However, they remain binding on this court.

Even if Morgan's underlying conduct was not a crime of violence under § 924(c)(3)(A), it qualifies as a crime of violence under § 924(c)(3)(B), nothwithstanding the Supreme Court's decision in *Johnson.*    The Eleventh Circuit recently held that "whether a predicate offense is a 'crime of violence' within the meaning of 18 U.S.C. § 924(c)(3)(B) should be determined using a conduct-based approach that accounts for the actual, real-world facts of the crime's commission, rather than a categorical approach."    *Ovalles v. United States*, Case No. 17-10172, 2018 WL 4830079 at *18 (11th Cir. Oct. 4, 2018) (*overruling United States v.*

*McGuire*, 706 F.3d 1333 (11th Cir. 2013)).    The court also held that "[a]s interpreted to embody a conduct-based approach, § 924(c)(3)(B) is not unconstitutionally vague."    *Id.*    Thus, *Johnson* did not affect the validity of this provision.

The offense conduct in this case was described in the Factual Basis in part as follows:

> On or about May 30, 2008 the defendant knowingly participated in a robbery of the United Bank at 3615 Highway 90 in Pace, Florida. During the robbery, the defendant and co-defendants were each knowingly using and carrying a firearm in furtherance of the offense and, inside the United Bank, the defendant brandished the firearm at United Bank employees.  . . .    The defendant and co-defendants accomplished the taking of the [$8625.00 in U.S.] currency by force, violence and intimidation and, in the course thereof, assaulted and put in jeopardy the lives of United Bank employees by demanding the money and threatening employees while brandishing the firearms.
>
> On or about June 6, 2008, the defendant knowingly participated in a robbery of the Central Credit Union of Florida at 9470 Fox Run Road in Pensacola, Florida.    During the robbery, the defendant and co-defendants were each knowingly using and carrying a firearm in furtherance of the offense and, inside the Central Credit Union of Florida, the defendant brandished the firearm at Credit Union employees.  . . . The defendant and co-defendants accomplished the taking of the [$10,475.31 in U.S.] currency by force, violence and intimidation and, in the course thereof, assaulted and put in jeopardy the lives of United Bank employees by demanding the money and threatening employees while brandishing the firearms.

Case Nos.: 3:08cr102/MCR/CJK; 3:16cv256/MCR/CJK

(ECF No. 47 at 9.)

As explained in *Ovalles*, in order to sustain a § 924(c)(3)(B) conviction, the Government must prove, or Morgan must have plead to, four distinct elements: (1) that Morgan actually committed the underlying federal offense—here, bank robbery; (2) that the federal offense constitutes a "crime of violence" within the meaning of § 924(c)(3); (3) that Morgan knowingly used, carried, or possessed a firearm; and (4) that any use or carriage of the firearm occurred during and in relation to, or that any possession of the firearm was in furtherance of, the bank robbery. *Ovalles*, 2018 WL 4830079 at *17. As to the second prong, the question is whether the bank robbery, as it actually occurred, "involved a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." *Id.* As was the case in *Ovalles*, the answer to this question, based on the statement of facts set forth above, is easy: of course it did. *Id.*

Conclusion

Morgan is not entitled to sentencing relief because each of his armed bank robbery convictions continues to qualify as a crime of violence under either

§ 924(c)(3)(A) or (B).    The *Johnson* decision has no bearing on his case, and his motion should be denied and dismissed.

Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."    A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.    Rule 11(b), Rules Governing Section 2255 Cases.

After review of the record, the court finds no substantial showing of the denial of a constitutional right.    28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."    If there is an objection to this recommendation by either party, that party

Case Nos.: 3:08cr102/MCR/CJK; 3:16cv256/MCR/CJK

may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully RECOMMENDED:

1.    The Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 175) be DENIED and DISMISSED.

2.    A certificate of appealability be DENIED.

At Pensacola, Florida, this 5th day of November, 2018.


/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.   Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.   A copy of objections shall be served upon all other parties.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.   *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case Nos.: 3:08cr102/MCR/CJK; 3:16cv256/MCR/CJK